# IN THE COURT OF APPEALS OF IOWA

No. 16-1185
Filed December 20, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ABEL QUIJAS, JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Fayette County, Richard D. Stochl, Judge.


        Abel Quijas, Jr. appeals his conviction for attempted murder. **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Martha J. Lucey, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Jean C. Pettinger, Assistant Attorney General, for appellee.


        Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**VAITHESWARAN, Presiding Judge.**

Abel Quijas, Jr. appeals a judgment for attempted murder. He contends the district court abused its discretion in overruling an objection to what he characterizes as other bad acts evidence. He also raises several ineffective assistance of counsel claims.

## I. Background Facts and Proceedings

The Oelwein Police Department received notice of a package to be delivered to an address flagged for possible drug activity. The package contained a toy, which concealed a half-pound of methamphetamine. Officers took the package to the address. Abel Quijas, Sr. answered the door. The officers identified themselves and told him what was inside the package. Quijas, Sr. said the package was for his son, Abel Quijas, Jr.

The officers had Quijas, Sr. call his son. Quijas came, retrieved the package, and left, followed by the officers, who had been hiding in a bedroom. Quijas refused to stop as instructed, got into his vehicle, and revved the motor. One of the officers braced himself against the hood of the car, withdrew his firearm, pointed it at Quijas, and yelled, "Don't do it, don't do it." Quijas looked at the officer, turned directly into him, and "mashed the gas."

The State charged Quijas with attempt to commit murder. *See* Iowa Code § 707.11 (2013). A jury found him guilty as charged. This appeal followed.

## II. Other Acts Evidence

At trial, the State elicited the following testimony from Quijas, Sr.: "Q. Before that day had other packages come to your apartment that your son called you on? A. Yes." Quijas' attorney interposed an objection, which the court construed as an

objection to the line of questioning. The court overruled the objection, and the State continued the questioning as follows:

> Q. Mr. Quijas, Sr., the question I . . . asked you, was there other packages that arrived for your son, the defendant, at your house? A. Yes.
> Q. And these other packages, were they addressed to you? A. No.
> Q. Who were they addressed to? A. [E.T.].
> Q. [E.T.], your grandson? A. Uh-huh.
> Q. All right. And those other packages, did your son come and pick those up? A. Yes.
> Q. And would he call and when the package—would you call when they were delivered? A. Yes.

Following this exchange, the parties made an additional record outside the presence of the jury. Quijas argued evidence of prior deliveries was not relevant, the probative value was substantially outweighed by its prejudicial effect, and the evidence violated a pretrial order excluding evidence of other police investigations. The State argued the evidence was relevant to establish why Quijas, Sr. called his son.

> The district court clarified its original ruling as follows:

> I overruled the objection. The testimony from . . . [Quijas] Sr. was that packages were sent to his home addressed to his grandson, [E.T.], and that he knew that those packages were actually for his son, Abel Quijas, Jr., and that is why on the date that agents delivered the package to the residence . . . . , he knew to call his son and say, this package is here for you. *So it's not being offered to prove that he has committed prior bad acts; I'm admitting it simply to show why [Quijas, Sr.] called his son.* And for that purpose I do find it relevant, and I do not find that any prejudicial effect it may have certainly does not outweigh the probative value.

(Emphasis added.)

On appeal, Quijas contends the district court abused its discretion in overruling his objection. In his view, this "other bad acts" evidence was "not

admissible to prove" he acted in conformity with his character and "was not admissible for any proper purpose." *See* Iowa R. Evid. 5.404(b).[1] He takes issue with the State's "responsive conduct" rationale for admission, asserting the State already established that Quijas, Sr. called his son following the delivery.

The Iowa Supreme Court recently addressed the "responsive conduct" ground for admitting evidence, framing the inquiry as follows: "In deciding whether an out-of-court statement is offered to explain responsive conduct, the court considers whether the statement is truly relevant to the purpose for which it is being offered, or whether the statement is merely an attempt to put before the fact finder inadmissible evidence." *State v. Plain*, 898 N.W.2d 801, 812 (Iowa 2017) (citation omitted). The court concluded the evidence was inadmissible but found "the district court's admission of hearsay evidence . . . did not constitute reversible error because it was merely cumulative and thus not prejudicial." *Id.* at 829.

The same is true here. Assuming without deciding the testimony about prior deliveries was inadmissible "conformity" evidence under rule 5.404(b), it was cumulative of other evidence that came in without objection. Specifically, one of the officers testified without objection that Quijas, Sr. "acknowledged . . . he'd received packages four or five times previously. . . . And upon arrival of the package, he would call his son and his son would come pick up the package." A

---

[1] The rule provided:
> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Iowa R. Evid. 5.404(b) (2013). Non-substantive changes to the rule have since been made.

second officer was asked whether Quijas, Sr. talked about other packages delivered to the home. Although an objection to this question was sustained, defense counsel did not object to the prosecutor's next question: "[A]fter having a conversation with Abel Quijas, Sr., there was a discussion what you were going to do?" The officer answered, "Yes. Simply asked him what is the normal procedure when you get a package like this, what do you normally do. He advised us that he makes a phone call to his son, Abel Quijas, Jr." This response informed the jury the delivery was one of several. Because the evidence of prior deliveries came in through other witnesses without objection, the admission of Quijas, Sr.'s testimony over defense counsel's objection was not prejudicial and does not require reversal. We affirm the judgment for attempted murder.

### III.    *Ineffective Assistance of Counsel*

Quijas raises a number of ineffective-assistance-of-counsel claims: (1) whether counsel was ineffective in failing to object to (a) testimony about previous deliveries of packages, (b) a toxicology report, (c) testimony of his entry into a shed and semi-truck, (d) testimony he asked for help to flee to Minnesota, (e) testimony about certain drug-related evidence, (f) testimony about money found in the basement where he was hiding, (g) a prefatory instruction entitled "Facts," and (h) an instruction defining participation in a crime; (2) whether counsel was ineffective in failing to request a limiting instruction on "other bad acts"; and (3) whether counsel was ineffective as a result of the cumulative effect of these errors. We preserve these claims for postconviction relief. *See State v. Biddle*, 652 N.W.2d 191, 203 (Iowa 2002) ("Generally, we do not resolve claims of ineffective assistance of counsel on direct appeal. Rather, we preserve such claims for

postconviction relief proceedings, where an adequate record of the claim can be developed and the attorney charged with providing ineffective assistance may have an opportunity to respond to defendant's claims." (citations omitted)).

**AFFIRMED.**